CASE 13—ACTION BY WILLIE BOWMAN AGAINST S. B. D. RAY (COUNTY SUPERINTENDENT) FOR REVOKING SCHOOL TEACHER'S CERTIFICATE, &C.—MAY 3.

# Bowman v. Ray, County Superintendent.

APPEAL FROM MONROE CIRCUIT COURT—W. W. JONES, CIRCUIT JUDGE.

JUDGMENT SUSTAINING A DEMURRER TO PLAINTIFF'S PETITION AND DISSOLVING A TEMPORARY INJUNCTION—PLAINTIFF APPEALS—AFFIRMED.

SCHOOL TEACHERS' CERTIFICATES—REVOCATION—CHARGES—IMMORALITY—SPECIFICNESS—PETITION—PRAYER FOR RELIEF.

1.   Kentucky Statutes 1903, sec. 4417, authorizes the county school superintendent to suspend or remove any teacher for immoral conduct, after notice of charges made. Section 4418 authorizes an appeal from the superintendent's action, and section 4425 requires the county superintendent and other examiners to make investigation as to the moral character of applicants before issuing teachers' certificates. Section 4503 provides that the superintendent may revoke a teacher's certificate at any time, provided the holder shall be found immoral. HELD, that such sections require an investigation of the moral character of applicants for teachers' certificates before issuance thereof, and do not authorize the revocation of a certificate arbitrarily, without just cause, or for immorality prior to the date of the certificate, and not so close thereto in point of time as to affect the teacher's moral standing at that time.

2. Where charges of immorality preferred against a school teacher by the county superintendent failed to specify the date of the specific acts alleged, they were insufficient.

3. Under Civil Code, sec. 90, providing that a petition must state facts which constitute a cause of action, and must demand

Bowman v. Ray, County Superintendent.

the specific relief to which the plaintiff considers himself entitled, a petition containing no prayer for relief is insufficient to confer jurisdiction on the court to render any judgment in favor of plaintiff.

BAIRD & RICHARDSON, DUFF & HUTCHERSON, W. L. PORTER AND SHERMAN SPEAR, ATTORNEYS FOR APPELLANT.

We contend:

1. That appellant has a vested right in his certificate to teach school, and it is property that the law ought to, and does, respect against a conspiracy and the malicious acts of all persons including the person holding the office of county superintendent.

2. The county superintendent has no judicial power, and his authority is purely statutory.

3. When a teacher has been once tried under a charge, he can not be again tried for the same offense.

4. When a county superintendent goes beyond his authority he becomes subject to the control of the courts.

5. The offense charged against appellant having occurred two years before the granting of his last certificate, such certificate can not be revoked for said offense.

6. One drunken spree, occurring more than two years before the charge, does not constitute the offender a drunkard, immoral, incompetent or inefficient as a teacher.

HARLAN & WHITE AND HENRY L. HARLAN, FOR APPELLEE.

We submit:

1. That under Kentucky Statutes, sec. 4418, if appellant was not satisfied with the action of the county superintendent, his only course was to appeal from his decision to the State superintendent. Superintendent v. Taylor, 20 Law Rep., 1241; Wilson v. Hite, 21 Rep., 1199.

2. We insist that one drunk is sufficient to render the subject of it unfit to teach school. Kentucky Statutes, secs. 4399, 4418, 4425, 4503; Civil Code, sec. 90.

3. The statute, sec. 4503, makes it mandatory upon the county superintendent to revoke the certificate of any teacher who shall "be found incompetent, inefficient, immoral, or otherwise unworthy to be a teacher."

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, Willie Bowman, asks a reversal of a judg-

ment of the Monroe circuit court sustaining a special and general demurrer to his petition and dissolving a temporary injunction granted by the circuit clerk in vacation. The petition alleges, in substance: . That he holds a second class certificate as a teacher in the common schools of Monroe county, which was issued to him,'by the board of examiners of Monroe county after having been duly examined therefor the 11th day of July, 1903, and that subsequently on the same day he contracted in writing with the trustees of district No. 22 to teach the common school for a term ot five months beginning on the 27th of July, 1903, and that on the same day the appellee, S. B. D. Ray, county superintendent of common schools, had the following notice served upon him:

"Office of School Superintendent, Tompkinsville, Ky., July 11, 1903. Mr. Willie Bowman: You are hereby notified that charges of drunkenness and immoral conduct have been preferred against you; and that your certificate be revoked. The charges are specifically to the effect that you were drunk at Ing. Bartlett's, and also at Joe Carter's. You will take notice that at 2 o'clock p. m., Friday. July 17, 1903, the case will be heard in my office, and you will then and there attend and make such plea and proof as may seem to you consistent with truth and equity. S. B. D. Ray, County Superintendent."

That the defendant, in giving the notice, was actuated by malice and spite, and had publicly declared that he would prevent plaintiff from teaching the school under his contract. That the pretended charges of drunkenness specified in the notice were malicious, and without foundation, and were so known to be by the defendant, and referred to occasions which antedated the issual of the certificate to him more than two years. That prior to the issual of the cer-

tificate to him on the 11th of July, 1901, he held a similar certificate as a common school teacher for Monroe county; and that the board of examiners, who issued and delivered the last certificate to him, had examined into the truthfulness of the alleged charges, and had decided in his favor. And further alleged that the defendant had no jurisdiction or power to determine upon charges affecting his moral character which antedated the issual of his last certificate to him; that the defendant would not fairly or impartially investigate the charges. The allegations of the petition apparently look to relief from the impending action of the defendant by writ of prohibition, but the petition contains no prayer for such relief.

Section 4417 of the Kentucky Statutes of 1903, which is a provision relating to common schools, provides that for incompetence, neglect of duty, immoral conduct, or other disqualification, the county superintendent may suspend or remove from office any trustee or teacher of any school under his supervision after five days' notice of the charges made against him. Section 4418 provides for an appeal from the action or decision of the county superintendent to the Superintendent of Public Instruction, in conformity with such rules and requirements as the Superintendent of Public Instruction shall from time to time prescribe. Section 4425 imposes the duty upon the county superintendent and other examiners to make investigation as to the moral character of applicants. And section 4503 further provides that if at any time the holder of a county certificate shall be found incompetent, inefficient, immoral, or otherwise unworthy to be a teacher, the county superintendent shall revoke the certificate of such person. These various sections of the statutes contemplate that the county superintendent shall

investigate the moral character of all applicants for teachers' certificates, and imposes upon him the duty of suspending or removing from office any trustee or teacher for incompetency, neglect of duty, immoral conduct, or other disqualification. There can be no doubt that a teacher who habitually uses intoxicating liquors to excess, or while in the discharge of his duty as a teacher, would not be a fit or competent person under the statute to perform the duties imposed by law upon common school teachers, and it would be the duty of the county superintendent to revoke the certificate of such person. But this is not an arbitrary power on his part, and can not be exercised without just cause. The specific charges in the notice served upon the plaintiff are that he was drunk at Ing. Bartlett's and Joe Carter's. There is no intimation as to the date of these alleged acts of intemperance. So far as the notices go, they may have occurred many years before he obtained his certificate as a teacher, and might not have affected either his moral character or competency at the date of the notice. Unless the alleged intemperance was subsequent to the date of his certificate as a teacher, or was so close thereto in point of time as to affect his moral standing at that time, they would not be sufficient to authorize the revocation of the certificate, or their investigation to that end by appellee. But section 90 of the Civil Code provides: "The petition must state facts which constitute the cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled."

As the petition in this case contains no prayer for relief of any kind, the court had no jurisdiction to decree any.

Judgment affirmed.